UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMILLE BEAUGARD ) <br>     Plaintiff                         ) <br>                                           ) <br> V.                                    ) <br>                                           ) <br> PINE HILL HOUSE, INC.       ) <br>     Defendant               ) <br>                                           ) | Civil Action <br><br> No. _____ |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

**General Factual Allegations**

1. The Plaintiff, Camille Beaugard, is a resident of Olympia, Washington.

2. The Defendant, Pine Hill House, Inc., is a corporation, organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about March 3, 2020, the Defendant, Pine Hill House, Inc., was doing business within the Commonwealth of Massachusetts.

4. On or about March 3, 2020, the Plaintiff, Camille Beaugard, was employed by the Defendant, Pine Hill House, Inc.

5. On or about March 3, 2020, the Plaintiff, Camille Beaugard, was employed by the Defendant, Pine Hill House, Inc., as a seaman, and a member of the crew of the S/V LIBERTY CLIPPER.

6. On or about March 3, 2020, the Defendant, Pine Hill House, Inc., owned the S/V

LIBERTY CLIPPER.

7. The Defendant, Pine Hill House, Inc., chartered the S/V LIBERTY CLIPPER from some other person or entity such that on or about March 3, 2020 the Defendant, Pine Hill House, Inc. was the owner pro hac vice of the S/V LIBERTY CLIPPER.

8. On or about March 3, 2020, the Defendant, Pine Hill House, Inc., operated the S/V LIBERTY CLIPPER.

9. On or about March 3, 2020, the Defendant, Pine Hill House, Inc., or the Defendant's agents, servants, and/or employees, controlled the S/V LIBERTY CLIPPER.

10. On or about March 3, 2020, the S/V LIBERTY CLIPPER was in navigable waters.

11. On or about March 3, 2020, while in the in the performance of her duties in the service of the S/V LIBERTY CLIPPER, the Plaintiff, Camille Beaugard, sustained personal injuries.

12. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, Camille Beaugard, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, and alternatively 28 U.S.C. §§ §1332, 1333.

## COUNT I

### Camille Beaugard v.  Pine Hill House, Inc.

**(JONES ACT NEGLIGENCE)**

15. The Plaintiff, Camille Beaugard, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Camille Beaugard, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Camille Beaugard, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Camille Beaugard, demands judgment against the Defendant, Pine Hill House, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Camille Beaugard v.  Pine Hill House, Inc.

**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

19. The Plaintiff, Camille Beaugard, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, Camille Beaugard, were due to no

fault of her, but were caused by the Unseaworthiness of the S/V LIBERTY CLIPPER.

21. As a result of said injuries, the Plaintiff, Camille Beaugard has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Camille Beaugard, demands judgment against the Defendant, Pine Hill House, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT III

### Camille Beaugard v.  Pine Hill House, Inc.

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

23. The Plaintiff, Camille Beaugard, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Camille Beaugard, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Camille Beaugard, demands judgment against the Defendant,  Pine Hill House, Inc., in the amount of $200,000 for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II AND III.**

                Respectfully submitted for the
                the Plaintiff, CAMILLE BEAUGARD,
                by her attorney,

                <u>/s/ Carolyn M. Latti</u>
                Carolyn M. Latti
                BBO #567-394
                Latti & Anderson LLP
                30-31 Union Wharf
                Boston, MA 02109
                (617) 523-1000

Dated: August 31, 2022